UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CALEB TODD JONES,

    Plaintiff,

v.                                     Case No. 8:16-cv-2675-T-33AAS

PROGRESSIVE EXPRESS INSURANCE
COMPANY,

    Defendant.
_____/

**ORDER**

This matter comes before the Court upon consideration of Plaintiff Caleb Todd Jones's Motion for Partial Summary Judgment (Doc. # 20), filed on March 14, 2017. Defendant Progressive Express Insurance Company filed its response in opposition on April 17, 2017. (Doc. # 28). Jones filed his reply on May 1, 2017. (Doc. # 32). The Motion is denied.

**I.**    **Background**

Jones was operating a Graco Line Driver HD in the course of his employment when an uninsured motorist struck him. (Doc. # 20 at ¶ 1); (Doc. # 28 at 4). The Graco Line Driver HD is a ride-on system that is attached to road-striping machines in order to push or pull the road-striping machine. (Doc. # 20-1 at 3). The machine was owned by Jones's employer (Doc.

# 20 at ¶ 1); (Doc. # 28 at 4), who held an insurance policy through Progressive (Doc. # 35-1 at 73-148). The policy at issue read in part:

> "**Auto**" means a land motor vehicle or **trailer** designed for travel on public roads, or any other land vehicle that is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged. It does not include **mobile equipment**.
>
> . . . .
>
> "**Mobile equipment**" means any of the following types of land vehicles including, but not limited to, any attached machinery or equipment:
>
> > a. Bulldozers, farm implements and machinery, forklifts and other vehicles designed for use principally off public roads;
> >
> > b. Vehicles **you** use solely on premises **you** own or rent and on accesses to public roads from these premises, unless specifically described on the **declarations page** and not defined as **mobile equipment** under other parts of this definition;
> >
> > c. Any vehicle that travels on crawler treads, or that does not require licensing in the state in which **you** live or **your** business is licensed;
> >
> > d. Vehicles, whether self-propelled or not, used primarily to provide mobility to permanently attached:
> >
> > > (i) Power cranes, shovels, loaders, diggers or drills; or

>> (ii) Road construction or resurfacing equipment such as graders, scrapers or rollers.
>
> e. Vehicles not described in Paragraphs a., b., c., or d. above that are not self-propelled and are used primarily to provide mobility to permanently attached equipment of the following types:
>
>> (i) Air compressors, pumps and generators, including spraying, welding, building cleaning, geophysical exploration, lighting and well-servicing equipment; or
>>
>> (ii) Cherry pickers and similar devices used to raise or lower workers.
>
> f. Vehicles not described in Paragraphs a., b., c., or d. above that are self-propelled and used primarily for purposes other than transportation of persons or cargo.
>
> However, **mobile equipment** does not include land vehicles that are subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged. Land vehicles subject to a compulsory or financial responsibility law or other motor vehicle law are considered **autos**.

(Doc. # 35-1 at 81-84).

The policy also included a Mobile Equipment as Insured Autos Endorsement. (Id. at 137-38). The Mobile Equipment as Insured Autos Endorsement read in part:

> Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply.

. . . .

B. When used in PART I - LIABILITY TO OTHERS, **insured auto** also includes:

. . . .

4. Any **mobile equipment** owned by **you**, or if **you** have purchased Hired Auto or Non-owned Auto coverage, leased or hired by **you**, when subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged. This does not change the effect of exclusion 13 concerning the operation of **mobile equipment**.

. . . .

The definition of "**Insured**" is deleted and replaced by:

"**Insured**" means:

. . .

b. if the named insured shown on the **Declarations Page** is a corporation, partnership, organization or any other entity that is not a natural person, any person **occupying your insured auto**, **temporary substitute auto**, or a **trailer** while attached to an **insured auto**.

For purposes of this definition, **insured auto** includes **mobile equipment owned** by **you**, or if **you** have purchased Hired Auto or Non-owned Auto coverage, leased or hired by **you**, when it is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged.

(Id.).

4

Jones filed a claim against the policy but Progressive denied coverage. (Doc. # 20 at ¶ 5); (Doc. # 28 at 4). Thereafter, Jones filed an action against Progressive in state court. (Doc. # 2). Progressive removed the action to this Court premising jurisdiction on 28 U.S.C. § 1332. (Doc. # 1).

In its answer, Progressive pled two affirmative defenses that, when read together, assert Jones was not occupying an insured auto, as defined in the policy, at the time of the accident and therefore is not covered under the policy. (Doc. # 11-1 at 3-4). Jones now seeks partial summary judgment as to Progressive's first and second affirmative defenses. Progressive responded in opposition and Jones replied.

II. **Legal Standard**

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute alone is not enough to defeat a properly pled motion for summary judgment; only the existence of a genuine issue of material fact will preclude a grant of summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

An issue is genuine if the evidence is such that a

reasonable jury could return a verdict for the non-moving party. Mize v. Jefferson City Bd. of Educ., 93 F.3d 739, 742 (11th Cir. 1996) (citing Hairston v. Gainesville Sun Publ'g Co., 9 F.3d 913, 918 (11th Cir. 1993)). A fact is material if it may affect the outcome of the suit under the governing law. Allen v. Tyson Foods, Inc., 121 F.3d 642, 646 (11th Cir. 1997). The moving party bears the initial burden of showing the court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1260 (11th Cir. 2004) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). "When a moving party has discharged its burden, the non-moving party must then 'go beyond the pleadings,' and by its own affidavits, or by 'depositions, answers to interrogatories, and admissions on file,' designate specific facts showing that there is a genuine issue for trial." Jeffery v. Sarasota White Sox, Inc., 64 F.3d 590, 593-94 (11th Cir. 1995) (citing Celotex, 477 U.S. at 324).

If there is a conflict between the parties' allegations or evidence, the non-moving party's evidence is presumed to be true and all reasonable inferences must be drawn in the non-moving party's favor. Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1164 (11th Cir. 2003). If a reasonable fact

finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, the court should not grant summary judgment. Samples ex rel. Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988) (citing Augusta Iron & Steel Works, Inc. v. Emp'rs Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988)). However, if the non-movant's response consists of nothing "more than a repetition of his conclusional allegations," summary judgment is not only proper, but required. Morris v. Ross, 663 F.2d 1032, 1034 (11th Cir. 1981).

**III. Analysis**

"Under Florida law, an insurance policy is treated like a contract, and therefore ordinary contract principles govern the interpretation and construction of such a policy. . . . A court's inquiry therefore begins with a review of the plain language of the insurance policy as bargained for by the parties." Great Am. Assurance Co. v. Sanchuk, LLC, No. 8:10-cv-2568-T-33AEP, 2012 WL 5306354, at *6 (M.D. Fla. Oct. 26, 2012) (citations and internal quotation marks omitted). "[I]n construing insurance policies, courts should read each policy as a whole, endeavoring to give every provision its full meaning and operative effect." Shaw v. Nat'l Union Fire Ins.

Co. of Pittsburgh, Pa., 605 F.3d 1250, 1252 (11th Cir. 2010). "[I]f a policy provision is clear and unambiguous, it should be enforced according to its terms . . . ." Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co., 913 So. 2d 528, 532 (Fla. 2005).

Jones argues the Graco Line Driver HD meets the definition of an insured auto under paragraph B(4) of the Mobile Equipment as Insured Autos Endorsement. Paragraph B(4) of the endorsement modifies the definition of insured autos, as defined in the policy, to include: "Any mobile equipment owned by you, or if you have purchased Hired Auto or Non-owned Auto coverage, leased or hired by you, when subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged." (Doc. # 35-1 at 137-38) (original bolding removed).

Jones also argues the Graco Line Driver HD meets the definition of an insured auto under a similarly phrased provision, which relates to the meaning of insured:

> insured auto includes mobile equipment owned by you, or if you have purchased Hired Auto or Non-owned Auto coverage, leased or hired by you, when it is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged.

(Id. at 138) (original bolding removed).

The plain language of these provisions expands coverage to mobile equipment (1) owned by the policy holder when the mobile equipment is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged and (2) if the policy includes the Hired Auto or Non-owned Auto coverage, leased or hired by the policy holder when the mobile equipment is subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state where it is licensed or principally garaged.

Jones's contrary construction does not persuade the Court, nor does his attempt to create an ambiguity. Under the plain terms of the policy and the relevant endorsement, in order for mobile equipment to be considered an insured auto such mobile equipment must be subject to a compulsory or financial responsibility law or other motor vehicle insurance law in the state or province where it is licensed or principally garaged, regardless of whether it is owned, leased, or hired by the policy holder. Jones has presented no evidence that the Graco Line Driver HD was subject to a compulsory or financial responsibility law or other motor

vehicle insurance law in the state or province where it is licensed or principally garaged. In fact, he argues the opposite. (Doc. # 20 at 11) ("it is not designed and required to be licensed upon a highway"). Therefore, Jones's Motion is denied.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff Caleb Todd Jones's Motion for Partial Summary Judgment as to Defendant's First and Second Affirmative Defense (Doc. # 20) is **DENIED.**

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 8th day of May, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE